UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
EDWARD E. LUNGER and
LINDA M. LUNGER,

                       Plaintiffs,

                       ORDER
    -against-                 13-CV-4699 (JFB)(ARL)

IBEROSTAR HOTELS & RESORTS,

                       Defendant.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 07 2019 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

      On December 20, 2018, Magistrate Judge Lindsay issued a Report and Recommendation (the "R&R," ECF No. 91) recommending that the Court grant the motion to dismiss for lack of prosecution filed by defendant Iberostar Hotels & Resorts. (ECF No. 90.) The R&R was served on plaintiffs on December 27, 2019. (ECF No. 92.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R, *i.e.*, by January 10, 2019. (R&R 3.) The date for filing any objections has thus expired, and plaintiffs have not filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, grants the motion to dismiss the complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

      Where there are no objections to a report and recommendation issued by a magistrate judge, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard,

when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiffs have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. As noted in the R&R, applying the factors for failure to prosecute under Rule 41(b), it is clear that the complaint should be dismissed with prejudice. Particularly, with regard to factor (1), the Court notes this matter has been pending since 2013 (ECF No. 1), that plaintiffs' lack of communication with counsel caused counsel to withdraw (ECF. No. 87), and that plaintiffs have failed to respond or otherwise appear since Magistrate Judge Lindsay extended plaintiffs' deadline to show cause on September 20, 2018, and thus concludes that plaintiffs' failure to prosecute has caused a delay of significant duration in this matter. As to factor (2), plaintiffs were warned by Magistrate Judge Lindsay on at least two occasions that continued failure to respond would result in dismissal with prejudice. (*See* ECF No. 87; Order dated 9/20/18.) As regards factor (3), it is apparent to the Court that defendant would be prejudiced by the burden of continuing to retain counsel if required to continue to defend this action. As to factor (4), the

Court concludes that plaintiffs have been provided ample opportunity to be heard, and that the Court's interest in managing its docket should prevail in this instance. Finally, with regard to factor (5), the Court has considered the efficacy of lesser sanctions and determined them to be insufficient, as evidenced by the repeated warnings and extensions provided to plaintiffs in this matter.

In sum, having conducted a review of the Complaint, the motion papers, and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss the complaint with prejudice (ECF No. 90) is granted. The Clerk of the Court shall close the case.

IT IS FURTHER ORDERED that the defendant serve a copy of this Order on plaintiffs.

SO ORDERED.

S/ JOSEPH F BIANCO
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2019
Central Islip, NY